IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN I. PARNELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF | : | |
| CHESTER COUNTY, et al. | : | No. 08-341 |

FILED
APR 29 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## REPORT AND RECOMMENDATION

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE                April 29, 2008

This is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Brian I. Parnell ("Parnell"), an individual currently incarcerated in the Waynesburg State Correctional Institution. For the reasons that follow, I recommend that the petition be dismissed.

## FACTS AND PROCEDURAL HISTORY:

On July 11, 2002, after a jury trial before the Honorable Juan R. Sanchez, Court of Common Pleas of Chester County, Parnell was convicted of burglary and second degree murder.[1] On July 15, 2002, he was sentenced to life imprisonment for the second degree murder conviction.[2] The Public Defender's Office of Chester County filed a direct appeal on Parnell's behalf presenting various claims of ineffective assistance of trial counsel and arguing that the trial court erred in refusing to permit Mr. Joseph to withdrawal from

---

[1] Parnell was represented at trial and sentencing by Ronald Joseph, Esquire; Tariq Karim El-Shabazz, Esquire; and Gerald Aston, Esquire.

[2] Parnell's burglary conviction merged with the murder conviction for sentencing purposes.

representation prior to trial. On July 1, 2003, the Pennsylvania Superior Court affirmed the judgment of sentence after concluding that Parnell's claims of ineffective assistance of counsel should be raised on post-conviction collateral review and that his claim of trial court error was waived due to his failure to develop a legal argument in support thereof. Commonwealth v. Parnell, 832 A.2d 541 (Pa. Super. 2003); 2481 EDA 2002 (Pa. Super. July 1, 2003) (unpublished memorandum), appended as App. "D" to Resp't Answer. Parnell did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On July 26, 2004, Parnell filed a pro se petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa. Con. Stat. § 9541, et seq. Counsel was appointed to represent Parnell in his PCRA matter and filed an amended petition. After holding an evidentiary hearing on May 25, 2005, the Honorable John L. Hall, Court of Common Pleas of Chester County, denied Parnell's claims and dismissed his PCRA petition. On October 25, 2005, Parnell filed an appeal in the Pennsylvania Superior Court claiming:

> (1) trial counsel was ineffective for failing to properly prepare the case for trial;
>
> (2) trial counsel was ineffective for failing to investigate other potential suspects;
>
> (3) trial counsel was ineffective for failing to present an alibi witness after filing a pre-trial notice of alibi;
>
> (4) trial counsel was ineffective for failing to call witnesses to testify that Parnell was on crutches ten (10) days prior to the date of the crime; and

(5) trial counsel was ineffective for failing to object to improper remarks made by the District Attorney during his opening, closing and questioning of Commonwealth witnesses.

On June 2, 2006, the Superior Court affirmed the PCRA court's dismissal of Parnell's PCRA petition. Commonwealth v. Parnell, 2928 EDA 2005 (Pa. Super. June 2, 2006) (unpublished memorandum), appended as App. "J" to Resp't Answer. Parnell did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On May 25, 2006, while his first PCRA appeal was pending in the Superior Court, Parnell filed an "Application for Leave to Remand to PCRA Court to Amend PCRA Petition to Include Additional Claims of Ineffectiveness of all Prior Counsels" and a request for appointment of new counsel. See Ex. "C" attached to Pet'r Second Mot. for PCRA Relief, appended as App. "M" to Resp't Answer. The Superior Court denied Parnell's "Application" on June 9, 2006.

On July 17, 2006, Parnell filed a second PCRA petition. On September 20, 2006, the PCRA court dismissed Parnell's PCRA petition as untimely.[3] The Pennsylvania Superior Court affirmed the dismissal of the PCRA petition on December 31, 2007. Commonwealth v. Parnell, 2665 EDA 2006 (Pa. Super. Dec. 31, 2007) (unpublished memorandum), appended as App. "R" to Resp't Answer. Parnell did not file a petition for allocatur in the Pennsylvania Supreme Court.

---

[3]Pursuant to the PCRA, collateral actions must be filed within one (1) year of the date the conviction at issue becomes final. 42 Pa. Cons. Stat. Ann. § 9545(b)(1).

On January 8, 2008,[4] Parnell filed the instant petition for a federal writ of habeas corpus claiming:

> (1) the Commonwealth failed to establish an adequate chain of custody for the admission of fingerprint evidence;
>
> (2) trial counsel failed to investigate the time frame during which Parnell's fingerprints were entered into relevant databases;
>
> (3) the Commonwealth failed to establish the authenticity of fingerprint evidence prior to its admission at trial;
>
> (4) trial counsel was ineffective for failing to cross-examine fingerprint experts on their failure to submit fingerprint evidence into a New Jersey database;
>
> (5) trial and appellate counsel were ineffective for failing to raise the issue of the Commonwealth's knowing use of false testimony that fingerprint evidence has a zero percent (0%) error rate; and
>
> (6) trial and appellate counsel were ineffective for failing to raise a sufficiency of the evidence argument.

Respondents have filed an answer asserting that Parnell is not entitled to federal habeas relief because the instant petition is time-barred under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

---

[4]Generally, a pro se petitioner's habeas petition is deemed filed at the moment he delivers it to prison authorities for mailing to the district court. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)). Parnell signed his habeas petition on January 8, 2008; therefore, I will assume that he presented his petition to prison authorities on that date.

**DISCUSSION:**

### I. Statute of Limitations

Section 101 of the AEDPA, effective April 24, 1996, amended habeas corpus law by imposing a one (1) year limitation period to applications for writ of habeas corpus filed by persons in state custody. 28 U.S.C.A. § 2244(d)(1). Section 2244, as amended, provides that the one (1) year limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The amended statute also provides that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the instant case, the applicable starting point for the statute of limitations is "the date on which the judgment became final by the conclusion of direct review or the

expiration of the time for seeking such review." Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000). Parnell's conviction became final on July 31, 2003, when the time for filing a petition for allowance of appeal in the Pennsylvania Supreme Court expired. See Pa.R.A.P. 1113(a) (a petition for allowance of appeal in the Pennsylvania Supreme Court is to be filed within thirty (30) days of the entry of the order of the Superior Court). Consequently, Parnell would normally have had until July 31, 2004, to timely file his § 2254 petition.

However, July 26, 2004 – 360 days into the federal statute of limitations – Parnell filed his first PCRA petition. Because this petition was filed in accordance with Pennsylvania's procedural requirements, it is considered a "properly filed application" for post-conviction relief, thereby tolling the one (1) year limitation period. See 28 U.S.C. § 2254(d)(2) (the time during which a "properly filed application" for state post-conviction review is pending shall not be counted toward the one (1) year period of limitation); Artuz v. Bennett, 531 U.S. 4 (2000) ("an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings" such as "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee"). Such a petition is considered "pending" within the meaning of § 2244(d)(2) during the time a state prisoner is pursuing his state post-conviction remedies, including the time for seeking discretionary review of any court decisions whether or not such review was actually sought. See Swartz, 204

F.3d at 424. Parnell's petition was thus pending until July 2, 2006, thirty (30) days after the Pennsylvania Superior Court affirmed the dismissal of his PCRA petition. At this time, the one (1) year grace period began to run and Parnell had five (5) days, or until July 7, 2006, to file a timely § 2254 petition.

Parnell submitted the instant motion for filing on January 8, 2008, over one (1) year and five (5) months after the limitation period had expired July 7, 2006.[5] He does not assert that his petition involves a right which was newly recognized by the United States Supreme Court, or that there are new facts which could not have been previously discovered. See 28 U.S.C. § 2244(d)(1)(C)-(D). He does assert, however, that there has been an impediment to filing his habeas petition which was caused by state action. See 28 U.S.C. § 2244(d)(1)(B). Specifically, Parnell argues that the state courts erred in failing to remand his case during his first appeal from the denial of post-conviction relief. Unfortunately, Parnell fails to substantiate this claim with any argument as to why the state court should have remanded his case or how the court's failure to do so impeded his

---

[5] On July 17, 2006, Parnell filed a second PCRA petition; however, this petition would not toll the federal statute of limitations because the petition was deemed untimely and thus, was not "properly filed." See 28 U.S.C. § 2254(d)(2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) (untimely PCRA petition is not "properly filed" application for relief entitled to statutory tolling under 28 U.S.C. § 2254(d)(2)). In any event, Parnell's second PCRA petition was filed after the federal statute of limitations had already expired. Consequently, the time during which this appeal was pending would not impact this court's calculations regarding the one (1) year limitation period.

ability to file a timely federal habeas petition.[6] See generally Zettlemoyer v. Fulcomer, 923 F.2d 284, 298 (3d Cir.), cert. denied, 502 U.S. 902 (1991) (bald assertions and conclusory allegations do not provide sufficient ground for habeas relief, a petitioner must set forth facts to support his contention of a federal constitutional violation). I find that Parnell's failure to establish how state court action prevented him from complying with the federal statute of limitations directs the conclusion that Parnell is barred from presenting his claims under § 2254 unless the instant petition is subject to equitable tolling.

## II. Equitable Tolling

The United States Supreme Court has not decided whether equitable tolling is available in the context of a federal habeas petition. See, e.g., Lawrence, 127 S.Ct. at 1085 ("[w]e have not decided whether § 2244(d) allows for equitable tolling . . . we assume without deciding that it is"). The Third Circuit, however, has ruled that the one (1) year period of limitation for § 2254 is subject to equitable tolling because this limitation period is a statute of limitations and not a jurisdictional bar. See Miller v. New

---

[6]To the extent that Parnell would argue that he was compelled to file a second PCRA petition in the state court due to the state courts' failure to review his claims on remand of his first PCRA petition, I find such an argument meritless. Parnell attempted to amend his first PCRA while it was on appeal in the Pennsylvania Superior Court. In fact, he did not file his motion to amend his PRCA petition until seven (7) months after he had filed his Superior Court appeal. Indeed, the Superior Court issued its opinion affirming the denial of PCRA relief only eight (8) days after he filed his motion to amend. Parnell's failure to file a timely motion to amend certainly does not constitute an impediment caused by state action. See 28 U.S.C. § 2244(d)(1)(B). Consequently, any such argument must be denied.

Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1988).

In assuming that equitable tolling is available, the United States Supreme Court recently stated that a litigant bears the burden of establishing two (2) elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Lawrence, 127 S.Ct. at 1085 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (requiring that plaintiff has "in some extraordinary way" been prevented from asserting his rights). The Court also held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling." Id.; see also Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001) ("[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling").

I do not find the instant matter to be one of the "rare situation[s] where equitable tolling is demanded by sound legal principals as well as the interests of justice." See Jones, supra. Parnell contends that he reasonably believed that he needed to file a second PCRA petition in order to exhaust his claims in the state courts before he could file a federal habeas petition. To the extent that he may argue that he mistakenly believed that his second or subsequent PCRA petitions would be considered timely by the Pennsylvania Courts and would thus have tolled the period of limitation under § 2244(d)(2), such a claim does not constitute extraordinary circumstances preventing him from filing a timely

federal habeas petition. Merritt v. Blaine, 326 F.3d 157, 169-170 (3d Cir. 2003) (uncertain PCRA time limit is not an extraordinary circumstance for purposes of equitable tolling of AEDPA's statute of limitations). Thus, the fact that Parnell filed a second and subsequent untimely PCRA petition does not constitute a circumstance which would warrant equitable tolling.

In sum, Parnell presents us with no evidence that he either diligently pursued his claims or was prevented in some extraordinary way from doing so. Because Parnell has not established "extraordinary" circumstances which would justify application of equitable principles, this court finds that there are no circumstances which would make the rigid application of the limitation period unfair. Consequently, Parnell's petition must be dismissed as untimely.

Therefore, I make the following:

## RECOMMENDATION

AND NOW, this 29th day of April, 2008, IT IS RESPECTFULLY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED. There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

The petitioner may file objections to this Report and Recommendation. See Local Civ. Rule 72.1. Failure to file timely objections may constitute a waiver of any appellate rights.

**FILED**
APR 29 2008
MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

PETER B. SCUDERI
UNITED STATES MAGISTRATE JUDGE

11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN I. PARNELL | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE DISTRICT ATTORNEY OF CHESTER COUNTY, et al. | : | No. 08-341 |

## **O R D E R**

AND NOW, this        day of                , 200   , upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, and after review of the Report and Recommendation of United States Magistrate Judge Peter B. Scuderi, and any objections filed thereto, IT IS ORDERED that:

    1. The Report and Recommendation is APPROVED and ADOPTED.

    2. The petition for a writ for habeas corpus filed pursuant to 28 U.S.C. § 2254 is DISMISSED.

    3. There is <u>no</u> basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
J. CURTIS JOYNER, J.